UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK J. GOSSETT,<br><br>               Petitioner,<br><br>   v.<br><br>JASON BENNETT,<br><br>               Respondent. | CASE NO. 3:24-cv-05433-JNW-BAT<br><br>**REPORT AND RECOMMENDATION** |

On June 10, 2010, the Thurston County Superior Court sentenced Petitioner Mark J. Gossett, to a term of imprisonment of 245 month to life following convictions for two counts of Rape of Child in the Second Degree and two counts of Child Molestation in the Second Degree in case number 08-1-02102-9. Dkt. 5 at 1. Petitioner has sought federal habeas relief from these convictions on multiple occasions, and this Court has previously denied and dismissed each request for relief. Petitioner again seeks federal habeas relief from his Thurston County Superior Court conviction, and also filed motions for a "Brady Order," "In Camera Review," Application of 28 U.S.C. § 636," "Judicial Notice," "Standby Counsel," "unseal records," and "to Waive MJ Findings and Recommendation." See Dkts. 6-12.

Because the present habeas petition is a second or successive petition, and because Petitioner has not obtained an order from the Court of Appeals for the Ninth Circuit that permits

REPORT AND RECOMMENDATION - 1

this Court to consider the habeas petition, the Court lacks jurisdiction over the matter and it is recommended the habeas petition be dismissed and issuance of a certificate of appealability be denied. If the Court adopts this recommendation, it should strike the motions in support of the habeas petition as moot.[1]

The Court's records establish that on July 27, 2015, Petitioner, by counsel, filed a federal habeas petition, in *Gossett v. Warner*, 3:15-cv-05515-BHS, challenging the 2010 Thurston County Superior Court judgment and sentence, that he now challenges in his present habeas petition. The habeas petition filed in 2015 was dismissed with prejudice on the merits on January 20, 2016, and the Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability on May 20, 2016, making judgment final in the case. Petitioner also filed a § 2241 habeas petition claiming the Thurston County Superior Court lacked jurisdiction to convict and sentence him because no arrest warrant was issued in his case. The Court viewed the habeas petition as seeking relief under 28 U.S.C. § 2254, and on April 8, 2024, dismissed the habeas petition as second or successive. *See Gossett v. Bennett*, 3:24-cv-05130-DGE.

The present habeas petition is thus a second or successive request for habeas relief from a state court judgment and sentence. "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a state court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). The statute provides:

---

[1] Petitioner moves to "waive assignment of nondispositive matters" under *Wingo v. Wedding*, 418 U.S. 461 (1974). Dkt. 12. The Court in *Wingo* held an article III judge rather than a magistrate judge must conduct an evidentiary hearing under the then existing Magistrates Act, 28 U.S.C. §§ 631-639. In 1976, the Magistrates Act was superseded by 28 U.S.C. § 636(b)(1)(B) which grants a magistrate judge the authority to conduct an evidentiary hearing in a postconviction proceeding. *See Orand v. U.S.*, 602 F.2d 207, 208 (9th Cir. 1979).

REPORT AND RECOMMENDATION - 2

  (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

  This provision creates a "gatekeeping" mechanism for the consideration of second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Id*. The petitioner must make prima facie showing the application satisfies the requirements of 28 U.S.C. § 2244(b). *Id*. If the petitioner does not satisfy this "gatekeeping" requirement, and does not obtain permission to file the petition, "the District Court was without jurisdiction to entertain it." *Burton*, 549 U.S. at 153.

  This Court have previously twice denied Petitioner's requests for § 2254 habeas relief with prejudice, triggering the provisions of 28 U.S.C. § 2244(b) for a subsequently filed habeas petition. Petitioner has failed to show his present petition is not subject to § 2244(b). Accordingly, this Court has no jurisdiction to grant § 2254 habeas relief and should be dismissed.

  If this matter is dismissed, Petitioner may appeal the assigned District Judge's order and judgment of dismissal only if he obtains a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds no reasonable jurist would disagree Petitioner's habeas claim is second or successive and that Petitioner has not obtained permission from the Court of Appeals to proceed. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **June 25, 2024.** The Clerk shall note the matter for **June 28, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 11th day of June, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge