UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK J. GOSSETT,<br><br>Plaintiff,<br><br>v.<br><br>JASON BENETT,<br><br>Defendant. | CASE NO. 3:24-cv-5433<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AT DKT. NO. 35 |

## 1. INTRODUCTION

The Court considers Petitioner Mark Gossett's Motion for Relief From Judgment, Dkt. No. 35. Having considered the motion, the law, and the record, the Court is fully informed and DENIES the motion, Dkt. No. 35, for the reasons below.

## 2. BACKGROUND

On July 16, 2024, this Court adopted Magistrate Judge Brian A. Tsuchida's Report and Recommendation ("R&R"), entered judgment consistent with the R&R, and closed this case. Dkt. No. 17. At that time, several motions remained pending, and the Court denied them as moot when it closed the case. *See id*. Gossett filed some of those motions before Magistrate Judge Tsuchida issued the R&R and some

after. In its order adopting the R&R, the Court concluded that none of the motions filed after the R&R could be construed as objections to the R&R. Dkt. No. 17 at 2. Thus, the Court found that Gossett did not object to the R&R. *Id.*

After the Court adopted the R&R and closed the case, Gossett filed several motions asking the Court to set aside its order and judgment and to re-open his case under Federal Rule of Civil Procedure 60(b)(4). They included:

- Dkt. No. 21 (arguing that the Court violated the Federal Magistrates Act and Habeas Rule 8(b) by failing to conduct de novo review of the Motion for Brady Order at Dkt. No. 6).

- Dkt. No. 22 (arguing that the Court violated the Federal Magistrates Act and Habeas Rule 8(b) by failing to conduct de novo review of the Motion for In-Camera Review at Dkt. No. 7).

- Dkt. No. 25 (arguing that the Court violated the Federal Magistrates Act and Habeas Rule 8(b) by failing to conduct de novo review of the Motion Requesting Application of 28 U.S.C. 636 at Dkt. No. 8).

- Dkt. No. 26 (arguing that the Court violated the Federal Magistrates Act and Habeas Rule 8(b) by failing to conduct de novo review of the Motion Requesting Judicial Notice at Dkt. No. 9).

- Dkt. No. 27 (requesting an application of Supreme Court precedent regarding various, previously filed motions).

- Dkt. No. 29 (arguing that the Court violated the Federal Magistrates Act and Habeas Rule 8(b) by failing to conduct de novo review of the Motion Requesting Production of the Record at Dkt. No. 14).

- Dkt. No. 30 (arguing that the Court violated the Federal Magistrates Act and Habeas Rule 8(b) by failing to conduct de novo review of the Affidavit in Support of 28 U.S.C. § 2254 at Dkt. No. 5-4).

- Dkt. No. 31 (arguing that the Court violated the Federal Magistrates Act and Habeas Rule 8(b) by failing to conduct de novo review of the Motion to Unseal Records or to Compel Showing of Confidentiality at Dkt. No. 11).

- Dkt. No. 32 (arguing that the Court violated the Federal Magistrates Act and Habeas Rule 8(b) by failing to conduct de novo review of the Motion to Waive Magistrate Judge's Findings and Recommendation at Dkt. No. 12).

- Dkt. No. 33 (arguing that the Court violated the Federal Magistrates Act and Habeas Rule 8(b) by failing to conduct de novo review of the Motion to Appoint Standby Counsel at Dkt. No. 10).

On September 11, 2024, the Court denied these motions. Dkt. No. 34. The following day, Gossett filed the pending motion, Dkt. No. 35, which also asks the Court for relief under Rule 60(b)(4). For the reasons stated in its prior Order, *see id.* at 3, and out of an abundance of caution, the Court considers Gossett's request under Rule 60(b)(4) and Rule 60(b)(6).

## 3. DISCUSSION

Under Rule 60(b)(4), a final judgment is void "only if the court that considered it lacked jurisdiction . . . or acted in a manner inconsistent with due process." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). Rule 60(b)(6) allows the district court to relieve a party from final judgment for any justifiable reason. Fed. R. Civ. P. 60(b)(6). But the party seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" that "justify the reopening of a final judgment." *Bennett v. Bennett*, Case No. C24-0272-JLR, 2024 WL 3316438, at *2 (W.D. Wash. July 5, 2024) (slip copy) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal quotes omitted)). To the extent that Gossett's new motion raises any issues addressed in his prior motions for relief under Rule 64(b), the Court rejects them for the same reasons stated in its prior Order, Dkt. No. 34.

The R&R found that the Court lacked jurisdiction over Gossett's habeas petition because it was a successive petition. Dkt. No. 17. The pending motion, Dkt. No. 35, requests an application of the Supreme Court's successive petition analysis in *Sanders v. United States*, 373, U.S. 1 (1963). Accordingly, the Court understands Gossett to argue that the Court should have reviewed the R&R's successive petition analysis de novo before adopting it.

Gossett has not shown that relief under Rules 60(b)(4) or 60(b)(6) is justified. Beginning with Rule 60(b)(4), Gossett fails to demonstrate that the Court "lacked jurisdiction . . . or acted in a manner inconsistent with due process" when it adopted the R&R and closed his case without reviewing, de novo, the Magistrate Judge's successive petition analysis. *See Berke*, 170 F.3d at 883 (discussing Fed. R. Civ. P. 60(b)(4)). Gossett did not object to the R&R. *See* Dkt. No. 34 at 4. And as the Federal Magistrates Act only requires a district court to review an R&R de novo when a party objects to the R&R, the Court had no obligation to review the Magistrate Judge's findings de novo. 28 U.S.C. § 636(b)(1); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Indeed, "[n]either the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct" by waiving objection. *Reyna-Tapia*, 328 F.3d at 1121 (citing *Peretz v. United States*, 501 U.S. 923, 937–939 (1991)).

Turning to Rule 60(b)(6), Gossett fails to explain what "extraordinary circumstances" exist to "justify the reopening of [Gossett's] final judgment," and the Court can find none. *See* (discussing Fed. R. Civ. P. 60(b)(6)). *See Gonzalez*, 545 U.S.

at 535 (internal quotes omitted). To be sure, even if Gossett had objected to the R&R's successive petition analysis in a timely fashion, the Court would have overruled the objection because it relies on outdated law. The Antiterrorism and Effective Death Penalty Act (AEDPA) has superseded the case that Gossett relies on—*Sanders v. United States*, 373, U.S. 1 (1963). *See also Colbert v. Haynes*, Case No. C18-1350RSM 2019 WL 1765290, at *1 (W.D. Wash. Apr. 22, 2019 (Martinez, J.) (citing *Felker v. Turpin*, 518 U.S. 651, 667 (1996)). Here, the Magistrate Judge applied controlling law, including the AEDPA, when deciding whether Gossett's habeas petition was a successive petition. *See* Dkt. No. 17. Thus, Gossett's objection lacks merit.

Lastly, Gossett requests a certificate of appealability. Dkt. No. 35 at 2. A certificate of appealability "should only issue for [an] appeal arising from the denial of a Rule 60(b) motion in a section 2255 proceeding if the movant shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying Section 255 motion states a valid claim of the denial of a constitutional right." *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015). As Gossett has shown neither, a certificate of appealability will not issue.

## 4. CONCLUSION

The Court DENIES Gossett's Motion for Relief from Judgment: Successive Analysis, Dkt. No. 35, and DENIES his request for a certificate of appealability.

Dated this 13th day of September, 2024.

Jamal N. Whitehead
United States District Judge